# In the United States Court of Federal Claims

No. 10-368C
(Filed: April 21, 2011)

```
*************************************
                                    *
TIMOTHY A. REMMIE,                  *
                                    *
                Plaintiff,          *
                                    *
    v.                              *
                                    *
THE UNITED STATES,                  *
                                    *
                Defendant.          *
                                    *
*************************************
```

*David P. Sheldon*, Law Offices of David P. Sheldon, PLLC, Washington, D.C., for Plaintiff.

*Robert C. Bigler*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., with whom were *Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Donald E. Kinner*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., and *Captain Ji Y. Kwon*, of Counsel, US Marine Corps, Department of the Navy, Washington, D.C., for Defendant.

## OPINION

**DAMICH**, Judge.

This military pay case is before the Court on the Defendant's Motion to Dismiss Plaintiff's Complaint, and the Plaintiff's Motion for Transfer of Action to the United States District Court for the District of Columbia and Plaintiff's Alternative Motion for Voluntary Dismissal Without Prejudice. The Plaintiff seeks monetary and nonmonetary relief for his wrongful discharge from the United States Navy, and challenges the decision by the Board for Correction of Naval Records denying his request for compensatory relief and correction of his military record.

For the reasons explained below, this case is dismissed without prejudice for lack of subject matter jurisdiction.

I.   **BACKGROUND**

The Plaintiff, Timothy A. Remmie, enlisted in the United States Navy (the "Navy") in 1978, reenlisted in 1988, and further extended his enlistment period until June 7, 1993.  Compl. ¶¶ 6-7.  On June 10, 1993, the Plaintiff was involuntarily discharged from the Navy.  *Id.* ¶ 37.

In November 1990, the Plaintiff and his wife agreed to separate and file for divorce. Compl. ¶ 8.  In August 1991, the Plaintiff's wife filed a complaint with the Virginia Beach Police Department alleging that the Plaintiff sexually abused their daughter.  *Id.* ¶ 12.  The Navy Family Advocacy Case Review Subcommittee determined that the allegations were substantiated, and the Family Advocacy Program concurred.  Based on the recommendation of the administrative discharge board, the Plaintiff was discharged in 1993 with a general discharge by reason of misconduct due to commission of a serious offense.  *Id.* ¶¶ 19, 22-23.

In 1995, the Plaintiff submitted an application to the Board for Correction of Naval Records ("BCNR") "seeking a discharge upgrade to Honorable, reinstatement to the Navy as an E-6, back pay and allowances, credit for time lost as a result of Plaintiff's 1993 adverse discharge, promotion to E-7 and the opportunity to finish his career."  Compl. ¶ 32.  The Plaintiff presented evidence negating the allegations of child sexual abuse against him.  *Id.* ¶ 38.  The BCNR found that the evidence of record did not substantiate that the Plaintiff sexually abused his daughter.  *Id.* ¶ 39.  The Plaintiff received partial relief to include an upgrade to honorable discharge and corrections to Plaintiff's records.  *Id.* ¶ 40. The Plaintiff was permitted to re-enlist in 1999.  *Id.* ¶ 45.  The Plaintiff's name and information related to the allegations of child sexual abuse, however, remained in the Navy Central Registry at National Family Advocacy ("Central Registry").  *Id.* ¶46.  Between 1998 and 2005, without success, the Plaintiff pursued several channels to have his name removed from the Central Registry.  *Id.* ¶¶ 47-70.  The Plaintiff retired from the Navy in 2006.  *Id.* ¶ 72.

In May 2007, the Plaintiff applied to the BCNR seeking reconsideration for relief previously denied related to his discharge.  The Plaintiff requested removal of his name from the Central Registry, corrections to his military record, credit for time lost, promotion with his peers to rank of E-9, lost wages, and a change in retirement status with back pay.  Compl. ¶ 74.  The Plaintiff was ultimately granted relief for only one of his requests—the removal of his name from the Central Registry.  *Id.* ¶ 86.  The BCNR declined to consider Plaintiff's remaining requests and arguments because they were not within its purview.  *Id.* ¶ 89.

On June 14, 2010, the Plaintiff filed a complaint in this court against the United States ("the Defendant") alleging, inter alia, that the 2008 decision of the BCNR denying him full relief was arbitrary and capricious.  Compl. ¶ 1.  The Plaintiff seeks at least $600,000.00 for active duty pay, allowances, and other benefits that he was denied as a result of his wrongful discharge. Compl. at 19.  The Plaintiff also requests corrections to his military record to reflect continuous service from the date of enlistment to the date of retirement, and to reflect a promotion with his peers, or in the alternative, to order a determination of the Plaintiff's promotion eligibility based on an accurate, corrected record.  *Id.*

On October 12, 2010, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), the Defendant filed a motion to dismiss on the ground that this court lacks subject matter jurisdiction because the Plaintiff's claim is barred by the Court of Federal Claims six-year statute of limitations.   In response, the Plaintiff moved the court on December 13, 2010, to transfer his claim to the United States District Court for the District of Columbia pursuant to the transfer statute, 28 U.S.C. § 1631, or in the alternative, to grant Plaintiff a voluntary dismissal without prejudice, pursuant to RCFC 41(a)(2).

On January 31, 2011, the Defendant filed a response to Plaintiff's motions contending that the court may not transfer the Plaintiff's claim to a district court under the Administrative Procedures Act ("APA") because no district court would have had jurisdiction over the Plaintiff's action at the time the Plaintiff filed his complaint with the Court of Federal Claims.   The Defendant also opposes a voluntary dismissal of the Plaintiff's complaint without prejudice because the Defendant contends that it will suffer "plain legal prejudice."

On February 10, 2011, the Plaintiff filed a reply brief emphasizing that his request for nonmonetary relief may be transferred to a district court, or in the alternative, that a voluntary dismissal without prejudice is appropriate.

## II.   LEGAL STANDARDS

The Tucker Act, 28 U.S.C. § 1491, is the primary statute that confers jurisdiction upon the Court of Federal Claims.   *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002).   The Tucker Act provides that:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).   However, "[t]he Tucker Act . . . is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976).   Therefore, the source of the substantive law must itself create the right to recover money damages.   *See id.*; *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

The Military Pay Act, 37 U.S.C. § 204, is a money-mandating statute that provides a substantive right to back pay in military discharge cases.   *Martinez v. United States*, 333 F.3d 1295, 1315 (Fed. Cir. 2003).   Thus, the Court of Federal Claims has jurisdiction over military pay cases where the plaintiff seeks back pay for alleged unlawful discharge from military service.   *Id.* at 1303.   In addition to back pay and other allowances, the court may grant relief incidental and collateral to judgment granted for monetary relief, such as changes in military or retirement status

and corrections of military records.[1]  28 U.S.C. § 1491(a)(2); *Martinez*, 333 F.3d at 1303.

Pursuant to the Court of Federal Claims statute of limitations, 28 U.S.C. § 2501, claims for which the court has jurisdiction, must be filed within six years of when the claim accrues.[2]  It is well established that the statute of limitations in this court is jurisdictional in nature.  *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134 (2008); *Martinez*, 333 F.3d 1295 at 1316.  Thus, the statute of limitations is a threshold matter as part of determining whether the court has jurisdiction.

If the court determines that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety, *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006), and dismissal is without prejudice, *Scott Aviation v. United States*, 953 F.2d 1377 (Fed. Cir. 1992).

In addition, pursuant to the transfer statute, when the Court of Federal Claims finds lack of jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631; *Texas Peanut Farmers v. United States*, 409 F.3d 1370, 1374 (Fed. Cir. 2005).

## III.  DISCUSSION

The parties agree, and the Court finds, that the Plaintiff's claim for monetary damages is barred by the United States Court of Federal Claims six-year statute of limitations.  Thus, the issues are whether the Plaintiff's nonmonetary claims may be transferred to a district court, or in the alternative, may be voluntarily dismissed without prejudice.

### A.  The Court Does Not Have Jurisdiction For the Plaintiff's Claims

The Plaintiff seeks monetary damages in excess of $600,000.00 and nonmonetary relief, such as corrections to military records, related to his involuntary discharge from the Navy.  In this case, the Military Pay Act serves as the money-mandating statute for granting relief for Plaintiff's back pay.  Under 28 U.S.C. § 1491(a)(2), the Court may also grant Plaintiff's nonmonetary relief as ancillary to any judgment for monetary damages.  However, every claim in which a plaintiff seeks relief pursuant to the Tucker Act is barred if filed more than six years after the time the claim accrued.  *See* 28 U.S.C.§ 2501.  For military pay cases alleging wrongful discharge, as here, the Federal Circuit has long held that the claim accrues at the time of discharge from the military.  *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003).

---

[1]  Section 1491 provides, in pertinent part:  "To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States."  28 U.S.C. § 1491(a)(2).

[2]  In pertinent part, 28 U.S.C. § 2501 provides that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."

In this case, the Plaintiff's claim accrued in 1993 when he was involuntarily discharged from the Navy.  The Plaintiff filed his complaint in 2010, more than six years after his discharge. Because the Plaintiff did not file his complaint within the statute of limitations period, the Court finds, and the parties agree, that the Court lacks subject matter jurisdiction.[3]

### B.   The Transfer of Plaintiff's Nonmonetary Claims to District Court is Not Permitted

After concurring that his monetary claims are time-barred, the Plaintiff seeks to have his remaining claims for nonmonetary damages transferred to a district court so that his APA claims, which seek review of an agency action, may be heard on the merits.  *See* Pl.'s Mot. for Transfer of Action to the U.S. District Court for the District of Columbia & Pl.'s Alternative Mot. for Voluntary Dismissal ("Pl.'s Mot.") 4-5; Pl.'s Reply to Def.'s Opp'n ("Pl.'s Reply") 2.

A court is permitted to transfer a civil action to another jurisdiction pursuant to the transfer statute, 28 U.S.C. § 1631, if three conditions are met:  (1) the transferor court lacks jurisdiction, (2) the transferee court would have had jurisdiction at the time the original case was filed, and (3) it would be in the interest of justice to transfer the case.  *See* 28 U.S.C. § 1631; *Zoltek Corp. v. United States*, 85 Fed. Cl. 409, 413 (2009).

In this case, as stated above, there is no dispute that the Court lacks jurisdiction over the Plaintiff's complaint, and therefore, the first condition for transfer of the Plaintiff's action to another jurisdiction is met.

Under the second condition to transfer, because the Plaintiff seeks to transfer his APA action to a district court, that court must have had jurisdiction for the Plaintiff's claims at the time the complaint was filed in this court.  The parties disagree as to whether a district court would have had jurisdiction.

A district court's jurisdiction for the review of an agency action is limited by sections 702 and 704 of the APA.  *Mitchell v. United States*, 930 F.2d 893, 895 (Fed. Cir. 1991).  Under section 702, the government waives sovereign immunity and grants authority to a district court to review agency actions for which a person seeks relief other than money damages.  *See* 5 U.S.C. § 702; *Mitchell*, 930 F.2d at 895.  The jurisdiction of a district court over challenges to agency actions, however, is further limited under section 704.  *See* 5 U.S.C. § 704; *Mitchell*, 930 F.2d at 895.

Under section 704, a district court is authorized to review a "final agency action for which there is no other adequate remedy in a court."  5 U.S.C. § 704.  Thus, if "there was an adequate remedy in the Court of Federal Claims for the claims set forth in . . . the complaint, a district court would not have had APA jurisdiction over those claims."  *Martinez v. United States*, 333 F.3d 1295, 1320 (Fed. Cir. 2003).  The Court of Federal Claims must only "offer[] a full and adequate

---

[3] The Plaintiff states in his motion to transfer to district court that "in so far as Plaintiff's immediate action is construed as one seeking back pay under the Tucker Act, Plaintiff's claims accrued at the time of Plaintiff's 1993 discharge and are time-barred under this Court's limited jurisdiction thereby precluding subject matter jurisdiction."  Pl.'s Mot. 2.

remedy" to bar jurisdiction in a district court. *Mitchell*, 930 F.2d at 897. The fact that the statute of limitations bars a plaintiff from receiving the full and adequate remedy in the Court of Federal Claims does not affect the application of section 704 to deprive the district court of jurisdiction of a review of an agency action. *See id.*

The Plaintiff asserts that a district court would have had jurisdiction over his nonmonetary APA claims because he seeks review of the BCNR's decision and correction of his records, which fall within the jurisdiction of the district court under the APA. Pl.'s Mot. 3. The Plaintiff, however, fails to appropriately consider the limitations of section 704 on the jurisdiction of a district court. The Plaintiff relies on cases where the Court of Federal Claims could *not* have provided an adequate remedy for all of the relief requested by the plaintiffs, and therefore, the district court was *not* deprived of jurisdiction.[4]

For example, in the most recent case cited by the Plaintiff, *Reilly v. United States*, the plaintiff sought monetary and nonmonetary relief after he was voluntarily discharged from military service. 93 Fed. Cl. 643, 645-46 (2010). The Court of Federal Claims held that the plaintiff failed to point to a money-mandating statute, and thus, failed to state a claim.[5] *Id.* at 649-50. The plaintiff requested that the court transfer his nonmonetary claims to a district court under 28 U.S.C. § 1631. The Court of Federal Claims concluded that, *because there was no money-mandating statute*, the court could not have provided any remedy to address the plaintiff's nonmonetary APA claims. *See id.* The Plaintiff in the instant case concludes that because the *Reilly* court determined that it could not have provided an adequate remedy, the same applies in this case, and therefore, section 704 does not preclude APA jurisdiction over his nonmonetary claims in a district court. Pl.'s Reply 7. The difference in this case, as previously stated, is that the Military Pay Act serves as a money-mandating statute for the Plaintiff's request for back pay, and under the Tucker Act, this Court could provide an adequate remedy for all the Plaintiff's monetary and nonmonetary claims.

Moreover, the Plaintiff fails to recognize clear Federal Circuit precedent. In *Martinez v. United States*, the Federal Circuit concluded that if the Court of Federal Claims could have provided a remedy for the monetary and nonmonetary claims, then section 704 would have deprived the district court of jurisdiction over the plaintiff's nonmonetary APA claims. 333 F.3d 1295, 1320 (Fed. Cir. 2003). The plaintiff in *Martinez* sought monetary and nonmonetary relief,

---

[4] The Plaintiff cites to two Court of Federal Claims cases, not binding on the Court, but in which section 704 did not deprive the district court of jurisdiction because the Court of Federal Claims could not have provided an adequate remedy: (1) *Reilly v. United States*, 93 Fed. Cl. 643 (2010) (holding that under section 704 the district court would have had jurisdiction because the Court of Federal Claims could not have provided an adequate remedy where the Plaintiff failed to state a claim under the Tucker Act—there was no money-mandating statute); and (2) *Schmidt v. United States*, 89 Fed. Cl. 111 (2009) (holding that a district court would have had jurisdiction for Plaintiff's APA claim challenging a federal regulation—a claim that the Court of Federal Claims would lack jurisdiction even if the statute of limitations had not run).

[5] In *Reilly*, the Military Pay Act did not provide a substantive right to money damages for the plaintiff because the plaintiff was a reserve officer who was not removed while on active duty, and because the plaintiff sought promotional pay not within the money-mandating provisions of the Military Pay Act. 93 Fed. Cl. at 648-50. Without a money-mandating statute, there was no basis for the court to provide monetary or nonmonetary relief. *Id.* at 650.

but the court found that his military pay claim, as in this case, was barred by the six-year statute of limitations.   The plaintiff then argued that the Federal Circuit should transfer his nonmonetary claims to a district court.[6]   The Federal Circuit found that the Court of Federal Claims could have provided relief for all of the plaintiff's claims—monetary claims and claims for ancillary relief—if timely filed.   *Id.* at 1320.   As a result, the district court would not have had jurisdiction at the time the plaintiff filed his claim.   Accordingly, the Federal Circuit, "decline[d] . . . to transfer [the] case to a United States District Court for further proceedings in that forum."   *Id.*

The Defendant contends that, pursuant to section 704 of the APA, and in accordance with *Martinez*, no district court would have had jurisdiction over the Plaintiff's claims because the Court of Federal Claims could have provided an adequate remedy for all of the Plaintiff's relief if the Plaintiff timely filed his complaint.   Def.'s Opp'n to Pl.'s Mot. ("Def.'s Opp'n") 3-5 (citing also *Mitchell v. United States*, 930 F.2d 893, 896 (Fed. Cir. 1991)).   In *Mitchell v. United States*, the Federal Circuit found that the Claims Court "has explicit statutory authority" to grant all relief requested by the plaintiff, and noted that the court has exercised such authority to restore plaintiff to military duty, place plaintiff in correct retirement status, and correct plaintiff's military records. 930 F.2d at 896.

In this case, the Court could have provided an adequate remedy for Plaintiff's request for back pay as well as his ancillary requests to correct his military record, to reflect proper retirement status, and to order a determination of Plaintiff's promotion eligibility based on a corrected record. *See Martinez*, 333 F.3d at 1300; *Mitchell*, 930 F.2d at 896.   Thus, section 704 of the APA deprives a district court of jurisdiction, and the second condition for transfer—that the transferee court would have had jurisdiction— is not met.   The Court, therefore, is not authorized to transfer the Plaintiff's nonmonetary claims to a district court, and the Court need not address whether such transfer would be in the interest of justice.   Accordingly, the Plaintiff's motion to transfer must be denied.

### C.   Dismissal Without Prejudice is Proper

In the alternative, the Plaintiff requests that the Court grant a voluntary dismissal without prejudice so that he "may file in District Court where his case can be evaluated on the merits." Pl.'s Mot. 5.   The Defendant urges the Court not to grant the Plaintiff's motion to dismiss without prejudice because it "will suffer a clear legal prejudice."   Def.'s Opp'n 8.   The parties apparently presume that a dismissal for lack of jurisdiction on the ground that the Plaintiff's claims are barred by the statute of limitations is a dismissal *with* prejudice.   In the Court of Federal Claims, however, this is not the case.

As explained by the United States Supreme Court in *John R. Sand & Gravel v. United States*, there are two types of statutes of limitations.   552 U.S. 130, 133 (2008).   Some statutes serve as an affirmative defense to protect the defendant, and others serve a broader purpose, such as "limiting the scope of a governmental waiver of sovereign immunity."   *Id.*   The Court of

---

[6]   In addition to monetary damages for unlawful discharge, the plaintiff in *Martinez* sought corrections to his military record, reinstatement to active duty with the rank of captain, and an order for consideration for promotion based on his corrected military record.   *Martinez*, 333 F.3d at 1300.

7

Federal Claims statute of limitations serves this later purpose, and thus, the time limits are deemed jurisdictional and absolute.  *Id.* at 134.   Because the statute of limitations period is jurisdictional in this Court, a dismissal on this basis must be without prejudice. *See Scott Aviation v. United States,* 953 F.2d 1377, 1378 (Fed. Cir. 1992) ("Without jurisdiction, the Claims Court cannot presume to dismiss the complaint with prejudice.") *(citing Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)).

   In this case, the Plaintiff's claim is barred by the statute of limitations, and therefore, the Court lacks subject matter jurisdiction.   Thus, the only proper course of action is to dismiss this case *without* prejudice for lack of jurisdiction.

## IV.   CONCLUSION

   For the reasons set forth above, the Court **GRANTS** the Defendant's motion to dismiss, **DENIES** the Plaintiff's motion for transfer to a district court, and **DENIES**, as moot, the Plaintiff's alternative motion for voluntary dismissal without prejudice.

   The Clerk of the Court is directed to enter judgment for the Defendant and dismiss the Plaintiff's complaint without prejudice for lack of subject matter jurisdiction.


                                                         s/ Edward J. Damich
                                                         EDWARD J. DAMICH
                                                         Judge